IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAWRENCE O. THALACKER, | |
| Plaintiff, | |
| v. | 1:06-cv-2685-WSD |
| CONCESSIONS INTERNATIONAL, LLC, SHAWNELL JOHNSON, Individually and as an Agent and Employee of Concessions International, LLC, A.L. PARKER, THE CITY OF ATLANTA, and JOHN or JANE DOES 1-3, | |
| Defendants. | |

**OPINION AND ORDER**

This order is before the Court on Plaintiff Lawrence Thalacker's ("Thalacker") Motion to Remand Pursuant to 28 U.S.C. § 1447 [5]. Also before the Court is Plaintiff's Motion to Amend Complaint Pursuant to F.R.C.P. 15 [6].

**I.   BACKGROUND**

On October 24, 2004, Thalacker met two colleagues at the Sam Adams Brew Pub in Concourse C of the Atlanta Hartsfield-Jackson International Airport. Thalacker arrived late. When he was unable to find the waitress for their table,

whose name he later learned was Shawnell Johnson ("Johnson"), Thalacker went directly to the bar to order beer. Thalacker alleges that Johnson placed herself between him and the bar and instructed him not to order beer from the bar, but to place all orders through her. Thalacker alleges that while she was speaking to him, the bartender offered the beers he had ordered. He had to reach around Johnson to get them.

After Thalacker retrieved the drinks, but apparently not immediately, Johnson returned to his table and accused Thalacker of being "rude," of "pushing her," and she threatened to tell her manager. Thalacker allegedly denied these allegations and told Johnson that he "did not care" what she did. Johnson spoke to her manager, and the police were called.

Officer A.L. Parker ("Parker") arrived, and arrested Thalacker for simple assault. Thalacker was detained in the Clayton County Jail until October 27, 2004 when a judge ordered that all charges against him be dropped.

Thalacker filed the present lawsuit in the State Court of Fulton County, Georgia, on October 5, 2006. The Complaint alleges state law claims against all the defendants for false arrest, malicious prosecution, false imprisonment, intentional infliction of emotional distress, negligent retention, supervision, and

ratification of employees, and a federal claim under 42 U.S.C. § 1983 against Parker and the City of Atlanta (collectively, "City Defendants") for denial of Thalacker's civil liberties caused by the wrongful arrest and detention.

On November 3, 2006, the City Defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1443(2), which authorizes the removal of suits based on equal protection violations, and federal question jurisdiction under § 1331.[1] Although the City Defendants allege a multiplicity of bases for their removal, the removal is based entirely on the federal question presented by Thalacker's § 1983 claim. Defendants state that the removal is pursuant to 28 U.S.C. § 1441, but do not specify under what subsection they intend to proceed.

Thalacker argues that the case should be remanded to Fulton County State Court, or, in the alternative, that the Court should grant him leave to dismiss the § 1983 claim, and then remand the case.

---

[1] Defendants also asserted a number of other federal statutes that do not provide for removal, but merely create federal question jurisdiction. These allegations are unnecessary. The parties do not dispute that claims under 42 U.S.C. § 1983 raise a federal question.

## II.   DISCUSSION

Thalacker raises three arguments for remand: (i) the removal notice violated the rule of unanimity, because the Court did not receive an expression of consent for removal from each of the Defendants; (ii) that the notice of removal is incurably defective, because the City Defendants did not comply with the document filing requirements of the removal statute; or (iii) if the notice of removal is sound, Thalacker should be permitted to amend his complaint to dismiss the § 1983 claim, and then the case should be remanded.

Because the Court finds that the Defendants were required to comply with the rule of unanimity and failed to do so, the Court declines to consider Thalacker's second and third arguments.

As a general matter, the Court must remand a case if the technical requirements of removal have not been met.  See Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001).  The removing defendants carry the burden to demonstrate that the removal was effected properly, and "this burden is a heavy one."  Lampkin v. Media General, Inc., 302 F. Supp.2d 1293, 1294 (M.D.Ala. 2004).  Removal statutes are strictly construed in favor of state court jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

"The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." Russell Corp., 264 F.3d at 1044. Removing defendants meet the unanimity rule by all "joining" in the notice of removal. See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman Assistants' Local 340 et. al., 427 F.2d 325, 326-27 (5th Cir. 1970) ("the law is clear that . . . removal procedure requires that all defendants join in the removal petition").[2] The rule "does not require that every defendant actually sign the same petition," but consent "must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent." Clyde v. Nat'l Data Corp., 609 F. Supp. 216, 218 (N.D. Ga. 1985). If the unanimity rule is not met, then the case must be remanded pursuant to 28 U.S.C. § 1447(c). Id.; see also Tri-Cities Newspapers, 427 F.2d at 327.

The factual issue before the Court is straightforward. If each of the Defendants expressed consent to the removal to the Court within the thirty-day period following the removal notice, then the unanimity requirement has been met.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Defendants Parker and the City of Atlanta manifested their consent by filing the notice of removal.  It is undisputed, however, that Defendants Johnson and Concessions International (collectively, the "CI Defendants") did not, in any way, express consent to remove during the relevant time period.  That the CI Defendants allege that they expressed consent for the removal to the City Defendants is irrelevant.  The CI Defendants did not manifest consent to the Court, as the unanimity rule requires.[3]

The unanimity requirement is a bright-line rule, which "minimizes the expenditure of precious judicial resources to determine whether all of the defendants did in fact consent to removal within the 30-day period, and whether the plaintiff was prejudiced by the delay of communication of consent." Esposito v. Home Depot, U.S.A., Inc., 436 F. Supp.2d 343, 347 (D.R.I. 2006).  The Defendants in opposing removal are essentially asking the Court to engage in the sort of inefficient removal jurisdiction analysis the rule was designed to avoid.

---

[3] In Esposito, the District of Rhode Island accepted the filing of an answer within the 30-day period as a sufficient indication of consent.  436 F. Supp.2d at 347.  The CI Defendants have not done even this.  The CI Defendants' Answer was filed on December 15, 2006, 56 days after the notice of removal.

Defendants next argue this case falls within an exception to the unanimity rule.  Under 28 U.S.C. § 1441(c), "[w]henever a separate and independent [federal] claim or cause of action . . . is joined with one or more otherwise non-removable claims or causes of actions, the entire case may be removed and the district court may determine all the issues therein, or, in its discretion, may remand all matters in which State law predominates."  Unlike the general removal statute § 1441(a), § 1441(c) has no unanimity requirement.

The "separate and independent" language has been addressed by the Eleventh Circuit.  "Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c)."  In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996).  "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."  American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951).  A "wrong" to the plaintiff is not what physically happened to him, but rather the legal violation of his rights.  Id.  A plaintiff does not have a "separate and independent" claim when he:

>suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them.  In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

Id. at 13.  Accordingly, "a case involving the violation of a single primary right or wherein a party seeks redress for one legal wrong cannot contain separate and independent claims, despite multiple theories of liability against multiple defendants."  State of Tex. By and Through Bd. of Regents of Univ. of Tex. v. Walker, 142 F.3d 813, 817 (5th Cir. 1998).

In City of Mobile, the court found that a dispute concerning a plaintiff's injuries when struck by a vehicle being pursued at high speeds by the police, which included claims for negligence, wantonness, dram shop liability, and against the police under § 1983, did not constitute "separate and independent" claims within the scope of § 1441(c).  By contrast, the Fifth Circuit in Walker found that state claims for failure to pay professional fees and federal claims for wrongful termination constituted "separate and independent claims," because "[w]hether Walker was improperly terminated is a distinct wrong not dependent on whether

Walker improperly retained professional fees," and proof of the federal claims "would not involve substantially the same facts" as proof of the state claims. Walker, 142 F.3d at 817.

Defendants rely exclusively on Kimbrough v. City of Cocoa, 2005 WL 1126651 (M.D. Fla., May 5, 2005), an unreported case from the Middle District of Florida. In that case, the plaintiff alleged that the defendants failed to satisfy the unanimity rule. The defendants responded that the plaintiff had alleged "separate and independent" claims under § 1441(c), so unanimity was not required.

The plaintiff in Kimbrough alleged that several police officers "chased, caught, and beat[]" Kimbrough, and then arrested him, on the evening of November 30, 2002. Id. at *2. Kimbrough was taken to a holding cell where, "despite his pleas for medical attention, certain defendants failed to provide him with medical care." Id. The next day, plaintiff alleges that Kimbrough was transported to a different detention center, where his requests for medical attention were again denied. Id. Three days later, Kimbrough bonded out of jail, and was brought to Cape Canaveral Hospital. Although the hospital attempted to treat Kimbrough, he eventually died. Id. at *3.

Plaintiffs asserted state law claims for malpractice against Cape Canaveral Hospital, and state law and § 1983 claims against the police officers and the county. The court determined that the claims were "separate and independent."

Kimbrough does not support the Defendants' argument here. In Kimbrough, the plaintiff alleged at least three completely distinct wrongs: (i) that Kimbrough was chased and beaten by police officers; (ii) that he was denied medical care while in police custody; and (iii) that he was a victim of malpractice. These wrongs are distinct, and independent of each other. Proof sufficient to proof any of these claims would not be sufficient or relevant to proving any of the others.

By contrast, Thalacker's complaint alleges one distinct wrong in violation a single primary right–that he was arrested and detained wrongfully   Thalacker's state and federal claims are all based on the common event of his arrest, and proving each of his claims will require substantially the same facts. Thalacker's claims against the CI Defendants are dependent of his claims against the City Defendants, because all of Thalacker's claims are predicated on his arrest, and, absent his arrest, he would have no claim against any party. Thalacker therefore

-10-

does not allege a "separate and independent" federal claim, and Defendants' removal notice was not filed pursuant to § 1441(c).[4]

Because Defendants have failed to show that this case falls under the exception to the unanimity rule of § 1441(c), and because Defendants have failed to show compliance with the unanimity rule, this case was not properly removed and it is required to be remanded.

## III.  CONCLUSION

**IT IS HEREBY ORDERED** that Motion to Remand Pursuant to 28 U.S.C. § 1447 [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint Pursuant to F.R.C.P. 15 [6] is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to remand this action to the State Court of Fulton County, Georgia.

---

[4] Defendants do not contend that their allegation that the notice of removal was filed pursuant to § 1443(2) constitutes an exception to the unanimity rule. Even if such an exception existed, § 1443, which deals exclusively with equal protection violations, is not a proper basis for removal of this case. See Mulder v. Wilson, 462 F. Supp.2d 1214, 1217 (M.D. Ala. 2006) ("even if Wilson had originally sought removal under § 1443, that statute cannot be used for removal of cases asserting violations of constitutional rights generally; it applies to only those cases involving equal rights . . . in terms of racial equality.") (internal quotations omitted). Thalacker has not alleged any racial equal rights violations.

**SO ORDERED** this 14th day of February, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE